# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

CARMEN GUERRERO-SANDOVAL, et al

Appellants

                                 Case No. 25-3398

                  v.

PAMELA BONDI, et al

Appellees,

## EMERGENCY MOTION FOR STAY AND RESTRAINING ORDER

                          GEORGE A. KATCHMER
                          Attorney at Law
                          1886 Brock Road N.E.
                          Bloomingburg, Ohio 43106
                          740-437-6071
                          740-437-6077
                           Attorney for Appellants

## Motion

Now come the Appellants, CDBG and Unborn Child and move this Court for a stay and restraining order of their mother and primary caretaker and material witness for the following reasons.

## Memorandum

Appellant filed a Complaint in the U. S. District Court Southern District of Ohio on May 19, 2025 (R.1, Complaint PAGEID# 1-7) along with a Motion for a Temporary Restraining Order (R.2, PAGEID# 8-9). An Amended Complaint was filed on May 22, 2025 (R.5, PAGEID# 23-30). After a hearing, the Court denied the Motion for a Temporary Restraining Order on May 22, 2025 (R. 7, PAGEID# 31-39). Notice of Appeal was filed on May 26, 2025 (R.8 and R.9, Notice of Appeal, PAGEID# 40-41, R.9, PAGRID# 42-43).

Appellant CDBG is a United States citizen and is nine years of age, Appellant Unborn Child is a child due to be born on or about October, 2025 and will be a United States citizen. Appellants' mother, is currently ordered to report to Immigration and Customs Enforcement (ICE), an agency of the Department of Homeland Security and will be removed from the United States pursuant to order of the Immigration Court at Cleveland, Ohio on Tuesday, June 3, 2025. ICE has been taking Hispanic individuals, such as the mother of the Appellants, into

custody at these scheduled check-in dates, without notice. Appellants' mother is

the primary financial support of the Appellants. Appellant CDBG has been

assessed by his school, Columbus City Schools, on April 28, 2025 to be eligible

for special education under the Ohio Administrative Code 3301-51-01(B)(10) and

OAC 3301-51-06 due to autism, There are no comparable special education

facilities in El Salvador. (R.1, PAGEID# 2-4).

While District Courts have taken the position that they cannot challenge

orders of removal from an immigration court, the Appellants are not challenging

the order of removal by this motion but are requesting that the execution of this

order be stayed pending the disposition of the case in the District Court (2:25-cv-

559).

In determining whether to grant a temporary restraining order, courts

consider four factors: "(1) whether the movant has a strong likelihood of

success on the merits; (2) whether the movant would suffer irreparable injury

without the injunction; (3) whether issuance of the injunction would cause

substantial harm to others; and (4) whether the public interest would be served

by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v.

Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal

quotation marks omitted); *see Workman v. Bredesen*, 486 F.3d 896, 905 (6th

Cir. 2007) (applying these four preliminary injunction factors to the court's
review of a temporary restraining order). "These factors are not prerequisites
which must be met but are interrelated considerations that must be balanced
together." *Ne. Ohio Coal. For Homeless & Serv. Emps. Int'l Union, Loc. 1199
v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006) (quoting *Radioactive Material
Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example,
the probability of success that must be demonstrated is inversely proportional to
the amount of irreparable injury the movants will suffer." Id.

The Appellants have made claims under Federal Tort Claims Act, 28 U.S.C.
§§ Chap. 171, 28 U.S.C. §§ 1346, 1402, 2401, 2671 – 2680. While federal
officers may not be liable under state tort law, they certainly are potentially
liable under the FTCA.

Under 28 U.S.C. §2202, the District Court is given specific authority to
issue injunctive relief, in this matter, a restraining order. The restraining order
requested in the District Court is for the purpose of effectuating the FTCA
claims and not a challenge to the removal order. Although it is premature to
fully discuss evidentiary matters, certainly the testimony of the primary, in
fact, the sole caregiver of the two Petitioners is necessary in such a suit by
minor plaintiffs. The failure to accommodate a material witness is contrary to

Case: 25-3398    Document: 5    Filed: 05/27/2025    Page: 5

both the Sixth Amendment right to a fair trial and the Due Process Clauses of the Fifth and Fourteenth Amendments.

As the case law states, a balance must be struck in determining whether to grant a restraining order. In the present matter, the District Court found irreparable harm to the Appellants due to the removal of their mother, their primary caretaker (and a necessary witness in their FTCA claim, one might add). While the Government might well have an interest in enforcing the immigration laws, such interest seems none too pressing in the present matter considering that the Government has taken no action against the Appellants mother during the five years since her appeal to the Board of Immigration Appeals was dismissed in 2020. They have been content with only yearly reporting. She has not concealed her address and has apparently complied with all requirements placed on her.

This leaves only the likelihood of success. As argued above, this is not a foregone conclusion either way. As such, while other constitutional claims were raised and disposed of, the District Court failed to give more than cursory consideration to the Appellants' FTCA claim and thus gave undue weight to this factor.

Since the Appellants' mother is to be removed by ICE on June 3, 2025,

one week from today, the Appellants request this Court to issue a stay and/or

a restraining order, not on the order of removal itself, but on the imminent

execution of that order until the proceedings in this matter are concluded.

CONCLUSION

For the foregoing reasons, this Court should issue a stay and a restraining

order as requested.

Respectfully submitted,

*/s/George A. Katchmer*
GEORGE A. KATCHMER
Attorney for Appellant

1886 Brock Road N. E.

Bloomingburg, Ohio 43106

740-437-6071

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025 a copy of the foregoing MOTION

FOR STAY. CDBG and UNBORN CHILD APPELLANT was filed

electronically with the Clerk of the Court using the CM/ECF system, which

will send notice of such filing to the following registered CM/ECF users:

**Christopher R. Yates**

*/s/ George A. Katchmer*
GEORGE KATCHMER
Attorney at law