# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

CARMEN GUERRERO-SANDOVAL, et al

Appellants

Case No. 25-3398

v.

PAMELA BONDI, et al

Appellees,

## REPLY TO RESPONSE OPPOSING APPELLANTS' EMERGENCY MOTION FOR STAY AND RESTRAINING ORDER

GEORGE A. KATCHMER
Attorney at Law
1886 Brock Road N.E.
Bloomingburg, Ohio 43106
740-437-6071
740-437-6077
Attorney for Appellants

## Motion

Now come the Appellants, CDBG and Unborn Child and reply to the Appellees' response opposing their motion for a stay and restraining order of their mother and primary caretaker and material witness for the following reasons.

## Memorandum

The parties are agreed that this Court has jurisdiction to hear this interlocutory appeal and are also agreed on the factors to be considered. In determining whether to grant a temporary restraining order, courts consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal quotation marks omitted); *see Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007) (applying these four preliminary injunction factors to the court's review of a temporary restraining order). "These factors are not prerequisites which must be met but are interrelated considerations that must be balanced together." *Ne. Ohio Coal. For Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell,* 467 F.3d 999,

Case: 25-3398    Document: 9    Filed: 05/29/2025    Page: 3

1009 (6th Cir. 2006) (quoting *Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer." Id.

The Appellees continually cite law relating to the challenge to a removal order. Once again, the Appellant must emphasize that they are in no way challenging the removal order of their mother. They are asking instead that the enforcement of this order be stayed. Their position is buttressed by the fact that the Appellees have not moved promptly in executing this order. Five years have elapsed since the order became final. The Appellees were apparently content to permit the mother to report annually for routine purposes. This implicates the fourth factor to be considered in reviewing a TRO; the interest in the prompt enforcement of federal statutes. In this instance the need for prompt action in the removal of Appellants' mother is belied by the Appellees' own actions. Thus, this factor does not weigh in the Appellees' favor. There has been and is no urgency exhibited in this matter.

Concerning factors 2 and 3, the Appellees have offered no one who would be harmed by the granting of this order. Instead, the District Court found the potential for irreparable harm to the Appellants if this order is not granted. Appellants would again state that CDBG has been found to be a special needs

Case: 25-3398   Document: 9   Filed: 05/29/2025   Page: 4

child. He obviously needs the care of his mother , especially as both caretaker and material witness in these proceedings.

This leaves only the factor pertaining to the likelihood of success.

The Appellants have made claims under Federal Tort Claims Act, 28 U.S.C. §§ Chap. 171, 28 U.S.C. §§ 1346, 1402, 2401, 2671 – 2680. While federal officers may not be liable under state tort law, they certainly are potentially liable under the FTCA.

Under 28 U.S.C. §2202, the District Court is given specific authority to issue injunctive relief, in this matter, a restraining order. The restraining order requested in the District Court is for the purpose of effectuating the FTCA claims and not a challenge to the removal order. Although it is premature to fully discuss evidentiary matters, certainly the testimony of the primary, in fact, the sole caregiver of the two Petitioners is necessary in such a suit by minor plaintiffs. The failure to accommodate a material witness is contrary to both the Sixth Amendment right to a fair trial and the Due Process Clauses of the Fifth and Fourteenth Amendments.

Regarding the Appellees' assertion that an FTCA claim follow administrative steps, no process is offered by the Appellees as one that should have been followed and, in fact, Appellees are adamant that there is no administrative remedy available for anyone, but especially, in this case, the Appellants in the

Case 25-3398   Document 9   Filed 05/29/2025   Page 5

Department of Homeland Security. As to the exercise of due care, this is a mixed issue of fact and law. As such, it is premature at this stage of the proceedings to declare, without supporting evidence of any sort, that due care has been used or is being used in the actions of this case subject to the FTCA.

The Appellants urge this Court to read the FTCA and tort claims thereunder *in pari materia* with 28 U.S.C. §2202. What possible utility would 28 U.S.C. §2202 have if it could not be applicable to support federal litigation?

As the case law states, a balance must be struck in determining whether to grant a restraining order. In the present matter, the District Court found irreparable harm to the Appellants due to the removal of their mother, their primary caretaker (and a necessary witness in their FTCA claim, one might add). While the Government might well have an interest in enforcing the immigration laws, such interest seems none too pressing in the present matter considering that the Government has taken no action against the Appellants mother during the five years since her appeal to the Board of Immigration Appeals was dismissed in 2020. They have been content with only yearly reporting. She has not concealed her address and has apparently complied with all requirements placed on her. The Appellees have indicated no other persons who would suffer as the result of the granting of this motion.

This leaves only the likelihood of success. As argued above, this is not a foregone conclusion either way. As such, while other constitutional claims were raised and disposed of, the District Court failed to give more than cursory consideration to the Appellants' FTCA claim and thus gave undue weight to this factor.

Therefore, three of the four factors considered for a TRO weigh in favor of the Appellants. The remaining factor is not clearly weighed in the Appellees' favor. Balancing these considerations, as this Court must, the balance is just that, a balance. It does not clearly weigh in the Appellees' favor.

Since the Appellants' mother is to be removed by ICE on June 3, 2025, one week from today, the Appellants request this Court to issue a stay and/or a restraining order, not on the order of removal itself, but on the imminent execution of that order until the proceedings in this matter are concluded.

## CONCLUSION

For the foregoing reasons, this Court should issue a stay and a restraining order as requested.

Respectfully submitted,

/s/George A. Katchmer

GEORGE A. KATCHMER
Attorney for Appellant

1886 Brock Road N. E.

Bloomingburg, Ohio 43106

740-437-6071

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025 a copy of the foregoing REPLY TO

THE RESPONSE OPPOSING THE MOTION FOR STAY of CDBG and

UNBORN CHILD APPELLANT was filed electronically with the Clerk of

the Court using the CM/ECF system, which will send notice of such filing to

the following registered CM/ECF users:


**Christopher R. Yates**                    **Kevin Koller**


*/s/ George A. Katchmer*
GEORGE KATCHMER
 Attorney at law