No. 25-3398

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 30, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| CARMEN GUERRERO-SANDOVAL, | ) |
| Plaintiff, | ) |
| and | ) |
| CDBG, a minor child, brings this action through mother Carmen Graciela Guerrero Sandoval, ex rel. as their next friend and guardian, et al. | ) O R D E R |
| Plaintiffs-Appellants, | ) |
| v. | ) |
| PAMELA BONDI, U.S. Attorney General, et al., | ) |
| Defendants-Appellees. | ) |

Before: MOORE, BUSH, and DAVIS, Circuit Judges.

Carmen Guerrero-Sandoval, on behalf of her minor child and unborn child, appeals an order of the district court denying her children's motion for a temporary restraining order to enjoin her removal because it violates the children's constitutional rights, several international treaties, state law, and the Federal Tort Claims Act ("FTCA"). The children move this court for a stay of the district court's order and for a restraining order. Defendants, Attorney General of the United States Pamela Bondi and Secretary of the Department of Homeland Security Kristi Noem, oppose the motion.

Guerrero-Sandoval is a citizen of El Salvador. She has a nine-year-old son who is a United States citizen, autistic, and eligible for special education services when he returns to school this fall. She is also pregnant with a child due later this year. Guerrero-Sandoval, however, faces imminent removal from the United States based on a final order of removal from the Board of Immigration Appeals issued in 2020. Seeking to forestall her removal, her children filed an action in the district court asserting the above-outlined claims, some without elaboration. Additionally, the children sought a temporary restraining order or stay of Guerrero-Sandoval's removal. The district court denied that request, resulting in this appeal.

Before addressing the merits of the motion, we first address our jurisdiction over the appeal. Typically, the denial of a temporary restraining order is not appealable. *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006). We do, however, have jurisdiction over interlocutory orders refusing an injunction, *see* 28 U.S.C. § 1292(a)(1), or "that have the practical effect of refusing an injunction," *A.A.R.P. v. Trump*, No. 24A1007, 24-1177, 605 U.S. ___, 2025 WL 1417281, at *2 (U.S. May 16, 2025) (per curiam) (cleaned up). "A district court's inaction in the face of extreme urgency and a high risk of serious, perhaps irreparable, consequences may have the effect of refusing an injunction." *Id.* (cleaned up). At this juncture, where neither party has had the opportunity to brief this issue substantively, we assume Plaintiffs clear this initial hurdle.

When determining whether to grant a stay, we balance the same four factors the district court considers in determining whether to issue a preliminary injunction or a temporary restraining order: first, whether the movants have a strong likelihood of success on the merits; second, whether the movants will suffer irreparable injury absent a stay; third, whether the grant of a stay would substantially harm others; and, finally, where the public interest lies. *Burrell v. Tipton Cnty. Election Comm'n*, No. 22-5867, 2022 WL 10225146, at *3 (6th Cir. Oct. 18, 2022) (citing *Blackwell*, 467 F.3d at 1009). "[T]he probability of success that must be demonstrated is inversely

proportional to the amount of irreparable injury the [Plaintiffs] will suffer absent [a] stay." *Blackwell*, 467 F.3d at 1009.

Although Plaintiffs raised numerous claims before the district court, before us they appear to seek relief based primarily on their FTCA claim. Plaintiffs have not shown a likelihood of success on any of the claims presented on appeal. The Immigration and Nationality Act consolidates "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove" a non-citizen in a single petition for review of a final removal order filed in the appropriate circuit court. 8 U.S.C. § 1252(b)(9). Although "a judicial determination that [a child's] constitutional rights are violated by separation from his mother is distinct from judicial determination[s]" of these questions, *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 627 (6th Cir. 2010), we also have held that "under the current interpretation of § 1252(b)(9), no federal court has the authority to review the order of removal of the [parent] to determine whether a violation of the [child's] constitutional rights renders the imposition of the [parent's] removal order invalid," *id.* at 628; *see Cooper Butt ex rel. Q.T.R. v. Barr*, 954 F.3d 901, 906 (6th Cir. 2020). Although both *Hamdi* and *Cooper Butt* involved constitutional challenges, their reasoning applies with equal force here, given that § 1252(b)(9) applies to both "constitutional and statutory provisions." 8 U.S.C. § 1252(b)(9). Accordingly, Plaintiffs have not shown a likelihood of success on the merits.

Plaintiffs assert that they face irreparable harm from the removal of Guerrero-Sandoval, because she is their mother and primary caretaker, and because her removal will undermine their ability to bring their FTCA claim given that she is a necessary witness who will be absent. To be sure, separation from a parent—particularly one who is the primary caretaker—causes significant harm. But, even were that claim to proceed to trial, there are alternate means by which Plaintiffs could obtain Guerrero-Sandoval's testimony. *See* Fed. R. Civ. P. 43 (governing the taking of

No. 25-3398
-4-

testimony before a district court); *Pecora v. Barbera*, No. 15-cv-73, 2017 WL 10379582, at *1 (E.D. Tenn. Feb. 28, 2017) (permitting testimony from a foreign witness via a videoconference).

Finally, the remaining factors also weigh against relief. "There is always a public interest in prompt execution of removal orders." *Nken v. Holder*, 556 U.S. 418, 436 (2009). Even though the government has waited to execute Guerrero-Sandoval's 2020 removal order, there is still a final order of removal, there is no allegation that Guerrero-Sandoval is being wrongfully removed, and, according to Plaintiffs, her removal is imminent. *See id.*

Accordingly, we **DENY** Plaintiffs motion for a stay of the district court's order and a restraining order.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk